# EXHIBIT A

# Louisville Ordinance No. O-179-21

ORDINANCE NO. **065**, SERIES 2021

**AN ORDINANCE AMENDING THE LOUISVILLE/JEFFERSON COUNTY METRO CODE OF ORDINANCES TO ENSURE SAFE, UNOBSTRUCTED ENTRY TO AND EXIT FROM A HEALTHCARE FACILITY (AMENDMENT BY SUBSTITUTION)(AS AMENDED).**

**SPONSORED BY: COUNCIL MEMBERS CHAMBERS ARMSTRONG, ARTHUR, HOLLANDER, AND JAMES**

**WHEREAS,** the Louisville Metro Council recognizes that unimpeded access to healthcare facilities for the purpose of obtaining medical counseling and treatment is imperative to the safety and well-being of this city and community;

**WHEREAS,** preventing the willful obstruction of a person's access to medical counseling and treatment at a healthcare facility is a matter of city-wide concern;

**WHEREAS,** there is a documented history of obstruction of and interference with people's access to healthcare facilities in Louisville;

**WHEREAS,** between January 2021 through March 2021, there has been a total of at least 1,447 reported protestors outside of the EMW Women's Surgical Center ("EMW Clinic") with about 23 protestors on any given day;

**WHEREAS,** report logs for the EMW Clinic indicate a regular pattern of obstruction, trespassing, assault and stalking;

**WHEREAS,** report logs for the EMW Clinic indicate that the police were called on multiple occasions for the assault and stalking of patients;

**WHEREAS,** a study of nine (9) reproductive health clinics in Ohio, Kentucky and West Virginia conducted by the Ohio Policy Evaluation Network (OPEN) found that more than fifty (50) percent of patients from the EMW clinic reported protestors as a challenge to receiving healthcare; this is 3 times the average for the other eight (8) clinics combined;

1

**WHEREAS,** a memorandum from the Louisville Metro Police Department ("LMPD") indicates that on April 3, 2021, multiple protest groups from out of town were present outside of the EMW Clinic; See LMPD Memorandum from April 5, 2021;

**WHEREAS,** the memorandum states while local protestors could be differentiated from out of town protestors, the out of town protestors were "causing issues;" Id.

**WHEREAS,** the memorandum also summarized various instance when LMPD had to be involved in not only preventing the obstruction of the sidewalks, but also the prevention of stalking and touching patients; Id.

**WHEREAS**, the EMW Clinic is one of two licensed abortion clinics in Kentucky, thus is likely to consistently have presence from out of town protestors;

**WHEREAS**, a memorandum provided by the LMPD indicates that when incidents occur, officers are required to make judgement calls on whether enforcing ordinances or laws would violate the protestor's First Amendment rights; See LMPD Memorandum dated March 24, 2021;

**WHEREAS,** the EMW Clinic may be the most public healthcare facility in need of a safety zone, but at least eight (8) other healthcare providers have expressed support and the need for safety zone legislation; See Letters of Support;

**WHEREAS,** the Louisville Metro Council ("Council") values the constitutional rights of free speech and freedom of religion guaranteed by the First Amendment, takes these rights very seriously, and understands the importance of these rights to all people;

**WHEREAS,** because Council recognizes the importance of these constitutional rights, it is imperative that these rights not be impeded while ensuring the safety of those attempting to receive healthcare;

**WHEREAS,** courts across the United States, including the United States Supreme Court, have held that buffer zones between eight (8) and fifteen (15) feet outside of healthcare facilities do not impede on the rights of protestors;

**WHEREAS,** the United States Supreme Court held that "[p]ersons who are attempting to enter health care facilities—for any purpose—are often in particularly vulnerable physical and emotional conditions;" and small buffer zones respond to this "substantial and legitimate interest in protecting these persons from unwanted encounters, confrontations, and even assaults by enacting an exceedingly modest restriction on the speakers' ability to approach;" *Hill v. Colorado*, 530 U.S. 703, 730 (2000).

**WHEREAS,** federal courts have held that a ten (10) foot safety zone does not impede a protestor's constitutional rights;

**WHEREAS,** the creation of a ten (10) foot safety zone would eliminate the need for LMPD to make judgement calls on whether enforcing existing laws or ordinances would impede on the protestor's First Amendment rights;

**WHEREAS,** the creation of a ten (10) foot safety zone would protect patients entering or leaving health care facilities;

**WHEREAS,** the creation of a ten (10) foot safety zone would assist in preventing violence against healthcare patients rather than reacting to violence after it has occurred; and

**WHEREAS,** Council declares that legislation creating a ten (10) foot safety zone is narrowly tailored to serve its interest in protecting patients entering and leaving

healthcare facilities as well as its interest in protecting protestors' constitutional right to free speech.

**NOW, THEREFORE, BE IT ORDAINED BY THE LEGISLATIVE COUNCIL OF THE LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT AS FOLLOWS:**

**SECTION I:** A new subchapter of the Louisville Metro Code of Ordinances, 132.09, is hereby enacted as follows:

(A) *Definitions*. For the purpose of this chapter, the following definitions shall apply unless the context clearly indicates or requires a different meaning.

*Driveway* means an entry from a public street to a public or private parking area used by a healthcare facility.

*Entrance* means any door to a healthcare facility that directly abuts the public sidewalk; provided, however, that if the door does not directly about the public sidewalk, the "entrance" shall be the point at which the public sidewalk intersects with a pathway leading to the door.

*Healthcare facility* shall have the same definition as used in Ky. Rev. Stat. Ann. § 216B.015(1) and (13), as any institution, place, building, agency, or portion thereof, public or private, whether organized for profit or not, used, operated, or designed to provide medical diagnosis, treatment, nursing, rehabilitative, or preventive care and includes alcohol abuse, drug abuse, and mental health services. This shall include but shall not be limited to health facilities and health services commonly referred to as hospitals, psychiatric hospitals, physical rehabilitation hospitals, chemical dependency programs, nursing facilities, nursing homes, personal care homes, intermediate care facilities, family care homes, outpatient clinics, ambulatory care facilities, ambulatory surgical centers, emergency care centers and services, ambulance providers, hospices, community

mental health centers, home health agencies, kidney disease treatment centers and freestanding hemodialysis units, any place in which an abortion is performed, and others providing similarly organized services regardless of nomenclature; and shall include but not be limited to the buildings, grounds and driveways of each such facilities and parking lots in which each such facility has an ownership or leasehold interest.

(B) *Access to a healthcare facility.*

(1)  No person shall knowingly obstruct, detain, hinder, impede, or block another person's entry to or exit from a healthcare facility.

(2)  No person shall knowingly enter, remain on, or create any obstruction within the driveway of a healthcare facility or within a "buffer zone" on the public way or sidewalk extending from the entrance of a healthcare facility to the closest adjacent sidewalk curb and 10 feet from side to side, during the facility's posted business hours, except:

    (a)   persons entering or leaving such facility;

    (b)   persons using the public sidewalk or street right-of-way adjacent to such facility solely for the purpose of reaching a destination other than such facility; or

    (c)   law enforcement, ambulance, firefighting, construction, utilities, public works and other municipal agents acting within the scope of their employment; or

    (d)   employees or agents of such facility acting within the scope of their employment.

(C) *Signage.* The Department of Public Works shall, at the request of a healthcare facility, paint or lay on the public way or sidewalk two easily-distinguishable demarcation lines running from either side of the facility entrance to the closest adjacent sidewalk curb

5

and extending 10 feet from each other. Healthcare facilities shall post such zone with signage stating: "Healthcare facility: No standing within this zone. [Metro Ordinance]."

(D) *Reporting.* <u>Within two (2) years of the enactment of the ordinance, but no sooner than eighteen (18) months after the enactment of the ordinance, the Louisville Department of Public Health and Wellness shall solicit information from any health care facility that requested the demarcation line as described in this section regarding the efficacy of the "buffer" zone in allowing patients and staff to enter and exit the facility safely, and shall prepare and submit to the Metro Council a report summarizing that information.</u>

(E) *Monitoring and Documentation.* <u>Any health care facility that requests that the Louisville Department of Public Works paint or lay demarcation lines as described in Section 1(C), shall monitor during its hours of operation the "buffer" zone created by the demarcation lines for obstructions created by individuals or groups to allow patients and/or staff to enter and exit the facility safely. In addition, the healthcare facility shall make a good faith effort to regularly document instances where individuals or groups create an obstruction in the driveway or the "buffer" zone and instances when anyone other than those allowed by the ordinance are otherwise present in the "buffer" zone. Such documentation shall be provided to the Louisville Department of Public Health and Wellness, Louisville Department of Public Works, and LMPD every six (6) months, beginning six (6) months after the effective date of this ordinance.</u>

(~~D~~<u>F</u>) *Penalties.*

(1) Prior to issuing a citation for a violation of this section, a police officer or any law enforcement officer shall issue one written warning to an individual. If the individual fails

to comply after one warning, such individual shall be given a citation. Failure to comply after one warning shall be cause for citation whether or not the failure or subsequent failures are contemporaneous in time with the initial warning.

(2) Any person violating any of the provisions of this Ordinance shall for each such violation, upon conviction thereof, be subject to a fine of no less than one hundred and fifty dollars ($150) and not more than five hundred dollars ($500). If any individual is convicted for a second violation of this Ordinance within one year of a previous conviction under this Ordinance, that individual shall be subject to a fine of no less than two hundred and fifty dollars ($250) and not more than five hundred dollars ($500).

(~~E~~G) *Severability.* The provisions of this section are severable. If any provision of this ordinance is declared invalid, that invalidity shall not affect other provisions of the ordinance which can be given effect without the invalid provision.

**SECTION II:** This Ordinance shall take effect upon its passage and approval.

_____
Sonya Harward
Metro Council Clerk

_____
David James — PRO - TEM
President of the Council

_____
Greg Fischer
Mayor

06/02/2021
Approval Date

**APPROVED AS TO FORM AND LEGALITY:**
Michael J. O'Connell
Jefferson County Attorney

BY: _____
O-179-21 CABS 042821 Safety Zone for Healthcare Facilities.docx

LOUISVILLE METRO COUNCIL
READ AND PASSED
May 20, 2021

7