THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY (at Louisville)
*Electronically Filed*

**EDWARD HARPRING &**
**MARY KENNEY**                                                                               **Plaintiffs**

**v.**                                                         **Case No. 3:21-cv-00691-RGJ**

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT**                                                             **Defendant**

## ANSWER

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Defendant, Louisville/Jefferson County Metro Government ("Metro Government"), by counsel, for its Answer to Plaintiff's Verified Complaint submits the following:

### FIRST DEFENSE

Plaintiff's Verified Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

Each averment of the Verified Complaint not specifically admitted as true is denied.

### THIRD DEFENSE

With respect to Louisville Metro Code of Ordinances 132.09 ("the Ordinance"), Defendant has not violated the rights of the Plaintiffs.

### FOURTH DEFENSE

The Defendant is or may be entitled to qualified immunity and/or sovereign immunity which is a bar to the Plaintiff's case and alleged claims.

**FIFTH DEFENSE**

With respect to Plaintiffs claim for injunctive and declaratory relief, the Plaintiffs' claims do not meet the injury in fact requirements and Plaintiff's are not entitled to injunctive or declaratory relief.

**SIXTH DEFENSE**

Plaintiffs are not entitled to reasonable attorneys' fees or costs or expenses in accord with 42 U.S.C. Sec. 1988 or any other provision of law from this Defendant and Plaintiffs 42 U.S.C. §1988 claims do not contain the required elements of a claim pursuant to 42 U.S.C. §1988.

**SEVENTH DEFENSE**

1. Defendant has insufficient information or knowledge to be able to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies these allegations.

2. In response to paragraph 2 of the Complaint, Defendant states the Complaint speaks for itself. Otherwise Defendant denies the remaining allegations in said paragraph and said paragraph calls for legal conclusions not requiring a response.

3. Defendant has insufficient information or knowledge to be able to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies the allegations.

4. In response to paragraphs 4 and 5 of the Complaint, Defendant states the Ordinance speaks for itself. Otherwise Defendant denies the remaining allegations of these paragraphs of the Complaint and said paragraphs call for legal conclusions not requiring a response.

5. The allegations contained in paragraphs 6, 7, 8, 9 and 10 of the Complaint call for legal conclusions not requiring a response. However, to the extent a response is required, Defendant denies the allegations.

6. Defendant has insufficient information or knowledge to admit or deny the allegations contained in paragraphs 11 and 12 of the Complaint and therefore denies these allegations.

7. Defendant admits the allegations contained in paragraph 13 of the Complaint to the extent that Louisville/Jefferson County Metro Government is a consolidated local government with certain powers pursuant to KRS 67C.101. With respect to the remaining averments contained in paragraph 13, said averments call for legal conclusions not requiring a response.

8. Defendant admits so much of the allegations contained in paragraph 14 of the Complaint that Metro is responsible for creating, adopting, implementing and enforcing its laws and ordinances. With respect to the remaining averments, said averments call for legal conclusions not requiring a response.

9. The allegations contained in paragraph 15 of the Complaint call for legal conclusions and no response is required. However, to the extent a response is required, Defendant denies the allegations.

10. Defendant admits the allegations contained in paragraphs 16 and 17 of the Complaint.

11. With respect to the averments contained in paragraph 18 of the Complaint, said averments call for legal conclusions not requiring a response.

12 Defendant has insufficient information or knowledge to admit or deny the allegations contained in paragraphs 19, 20, 21, 22, 23, 24, 25 and 26 of the Complaint and therefore denies these allegations.

13. Defendant admits the allegations contained in paragraph 27 of the Complaint.

14. In response to paragraphs 28, 29, 30, 31, 32, 33, 34, 35 and 36 of the Complaint, Defendant states that the Ordinance speaks for itself. Otherwise Defendant denies the remaining allegations and said averments call for legal conclusions not requiring a response.

15. Defendant admits the allegations contained in paragraph 37 of the Complaint to the extent that the demarcation lines were painted outside of the EMW Women's clinic by Louisville Metro Public Works on September 15, 2021 and that this occurred at some point after promulgation of the Ordinance. With respect to the remaining averments contained in paragraph 37 of the Complaint, this Defendant is without sufficient information or knowledge regarding the truth of said averments and therefore denies said averments.

16. Defendant has insufficient information and knowledge to admit or deny the allegations contained in paragraph 38 of the Complaint and therefore denies these allegations.

17. Defendant denies the allegations contained in paragraphs 39 and 40 of the Complaint.

18. In response to the allegations contained in paragraph 41 of the Complaint, Defendant states the Ordinance speaks for itself. Otherwise, Defendant denies the remaining allegations and said averments call for legal conclusions not requiring a response.

19. Defendant has insufficient information and knowledge to admit or deny the allegations contained in paragraphs 42, 43 and 44 of the Complaint and therefore denies these allegations.

20. Defendant denies the allegations contained in paragraph 45 of the Complaint.

21. Defendant has insufficient information or knowledge to admit or deny the allegations contained in paragraphs 46, 47 and 48 of the Complaint and therefore denies these allegations.

22. In response to the allegations contained in paragraph 49 of the Complaint, Defendant states the Ordinance speaks for itself. Otherwise, Defendant states the remaining allegations call for legal conclusions not requiring a response.

23. Defendant has insufficient information or knowledge to admit or deny the allegations contained in paragraph 50 of the Complaint and therefore denies these allegations.

24. Defendant denies the allegations contained in paragraph 51 of the Complaint.

25. The allegations contained in paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76 and 77 of the Complaint call for legal conclusions not requiring a response. However, to the extent a response is required, Defendant denies these allegations.

26. Paragraph 62 of the Complaint is a restatement of paragraphs 1 through 61 of the Complaint and therefore this Defendant restate each paragraph previously set forth in this Answer as if fully restated.

27. Paragraph 78 of the Complaint requires no answer, but Defendant restates and incorporates herein by reference all prior paragraphs of this Answer as if set forth in full.

28. The allegations contained in paragraphs 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 and 90 of the Complaint call for legal conclusions not requiring a response. However, to the extent a response is required, Defendant denies these allegations.

29. The allegations contained in paragraph 91 of the Complaint is merely a restatement of previous allegations of the Complaint and no response is required. However, to the extent a response is required Defendant denies the allegations and restates and incorporates herein by reference all prior paragraphs of this Answer and further states said averments call for legal conclusions not requiring a response.

## **EIGHTH DEFENSE**

Defendant reserves the right to assert additional defenses and or new claims or to assert third-party claims that may be revealed during the discovery process.

**WHEREFORE**, the Defendant, Metro Government, respectfully demands as follows:

1. That the Verified Complaint and all claims be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That Defendant be awarded their cost herein expended and, if applicable, a reasonable attorney's fee;

3. For apportionment if appropriate;

4. For consolidation with the case of *Sisters for Live, Inc., et al. v. Louisville/Jefferson County Metro Government, et al.*, United States District Court, Western District of Kentucky at Louisville, Civil Action No. 3:21-CV-367-RGJ-CHL.

5. For any and all other relief to which this Defendant may appear to be entitled.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

BY:  /s/ Natalie Johnson
         NATALIE JOHNSON
         JOHN F. CARROLL
         Assistant County Attorneys
         First Trust Centre
         200 S. 5th St. Suite 200N
         Louisville, KY  40202
         Phone: (502) 574-4307
         Natalie.johnson@louisvilleky.gov
         John.Carroll2@louisvilleky.gov
         *Counsel for Defendant*
         *Louisville/Jefferson County Metro Government*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Defendant's Answer was served via the Court's CM/ECF system on the 7th day of December 2021, to:

Francis J. Manion
Geoffrey R. Surtees
American Center for Law and Justice
P.O. Box 60
New Hope, KY 40052
(502) 549-7020
fmanion@aclj.org
gsurtees@aclj.org
*Counsel for Plaintiffs*
*Edward Harpring and*
*Mary Kenney*


*A copy was also provided via email this 7th day of December, 2021 to:

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Ste 104
Crestview Hills, KY 41017
chris@cwiestlaw.com
*Counsel for Plaintiffs,*
*Sisters for Life, et al. in Case No. 3:21-CV-367-RGJ (W.D.Ky.)*

Thomas Bruns
4750 Ashwood Dr. Ste, 200
Cincinnati, OH 45241
tbruns@bcvalaw.com
*Co-Counsel for Plaintiffs,*
*Sisters for Life, et al.*

                                                         /s/Natalie Johnson_____
                                                         Natalie Johnson