UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EDWARD HARPRING, et al.                                                                          Plaintiffs

v.                                                                               Civil Action No. 3:21-cv-691-RGJ

LOUISVILLE-JEFFERSON COUNTY                                                             Defendant
METRO GOVERNMENT

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant Louisville/Jefferson County Metro Government ("Metro Government") moves to consolidate this action with *Sisters for Life, Inc., et al. v. Louisville Metro Government, et al.*, Civil Action No. 3:21-cv-367-RGJ ("*Sisters* Case"), also pending in this Court.[1] [DE 9]. Plaintiffs Edward Harpring and Mary Kenney (collectively "*Harpring* Plaintiffs"), responded [DE 10], and Metro Government replied [DE 12]. In response to Metro Government's reply, the Harpring Plaintiffs' attorney filed a declaration. [DE 15]. This matter is ripe. For the reasons below, the Motion to Consolidate Cases [DE 9] is **GRANTED**.

### BACKGROUND

Sisters for Life, Inc., Angela Minter, and Kentucky Right to Life Association, Inc., (collectively "*Sisters* Plaintiffs") filed suit in June 2021 against Metro Government and Mayor Greg Fischer, Chief Erika Shields, and Mike O'Connell (collectively "*Sisters* Defendants"). [*Sisters* DE 1; *Sisters* DE 28]. The *Harpring* Plaintiffs sued Metro Government on November 16, 2021. [DE 1]. The plaintiffs in both actions dispute the constitutionality of Ordinance O-179-21

---

[1] All docket entries from the *Sisters* Case will be referenced as "*Sisters* DE".

1

(the "Ordinance") passed by Metro Government and signed by Mayor Fisher in 2021. [DE 1 at 1, 5; *Sisters* DE 28 at 1480]. The Ordinance states, in relevant part:

> (A) *Definitions*. For the purpose of this chapter, the following definitions shall apply unless the context clearly indicates or requires a different meaning.
> > ***DRIVEWAY.*** An entry from a public street to a public or private parking area used by a healthcare facility.
> > ***ENTRANCE.*** Any door to a healthcare facility that directly abuts the public sidewalk; provided, however, that if the door does not directly about [sic] the public sidewalk, the 'entrance' shall be the point at which the public sidewalk intersects with a pathway leading to the door.
> 
> . . . .
> (B) *Access to a healthcare facility*.
> > (1) No person shall knowingly obstruct, detain, hinder, impede, or block another person's entry to or exit from a healthcare facility.
> > (2) No person shall knowingly enter, remain on, or create any obstruction within the driveway of a healthcare facility or within a "buffer zone" on the public way or sidewalk extending from the entrance of a healthcare facility to the closest adjacent sidewalk curb and ten feet from side to side, during the facility's posted business hours, except:
> > > (a) Persons entering or leaving such facility;
> > > (b) Persons using the public sidewalk or street right-of-way adjacent to such facility solely for the purpose of reaching a destination other than such facility; or
> > > (c) Law enforcement, ambulance, firefighting, construction, utilities, public works and other municipal agents acting within the scope of their employment; or
> > > (d) Employees or agents of such facility acting within the scope of their employment.
> (C) *Signage*. The Department of Public Works shall, at the request of a healthcare facility, paint or lay on the public way or sidewalk two easily-distinguishable demarcation lines running from either side of the facility entrance to the closest adjacent sidewalk curb and extending ten feet from each other. Healthcare facilities shall post such zone with signage stating: "Healthcare facility: No standing within this zone. [Metro Ordinance]."

[DE 1-1 at 23-25].

The *Harpring* Plaintiffs are "sidewalk counselors who . . . have been active in speaking with and distributing pamphlets, handbills, and other literatures to individuals using the services . . . where abortions are performed." [DE 1 at 2]. The *Sisters* Plaintiffs use "sidewalk ministry. . . [which] involves offering both verbal and written materials outlining alternatives to abortion and

help for anyone wishing to pursue those options." [*Sisters* DE 28 at 1478]. Much of the Plaintiffs' focus is on the Ordinance's application outside one specific healthcare clinic: EMW Women's Surgical Center ("EMW"). [DE 1 at 2-16; *Sisters* DE 28 at 1475-86]. Plaintiffs in both actions focus much or all their sidewalk counseling and ministry efforts at EMW, where a buffer zone has been established pursuant to the Ordinance. [DE 1 at 2, 15; *Sisters* DE 28 at 1475, 1486]. All Plaintiffs argue the Ordinance is unconstitutional because it violates the First Amendment by preventing them from counseling and ministering at EMW inside the buffer zone. [DE 1 at 1-15; *Sisters* DE 28 at 1485-88].

Metro Government moves now to Consolidate the *Sisters* Case and the *Harpring* Case. [DE 9]. The *Harpring* Plaintiffs responded [DE 10], and Metro Government replied [DE 12]. In response to Metro Government's reply, the *Harpring* Plaintiffs' attorney filed a declaration. [DE 15]. The declaration states that the *Harpring* and *Sisters* Plaintiffs did not coordinate or strategize the filing of their Complaints. [DE 15-1 at 168].

The *Sisters* Plaintiffs have not formally responded to the Motion to Consolidate as it was not filed in the *Sisters* Case. That said, Metro Government included in their Reply, "Co-Counsel for Plaintiffs in Case No. 3:21-CV-367-RGJ has indicated by telephone conference that he does not oppose the filing of the Motion to Consolidate." [DE 12 at 105]. Subsequently, the *Sisters* Plaintiffs filed a Reply in Support if its Motion to Advance Case Schedule, in which they appear to oppose the consolidation. [*Sisters* DE 33 at 1531].

**STANDARD**

"Rule 42(a) of the Federal Rules of Civil Procedure permits actions involving common questions of law or fact to be consolidated for the economy and convenience of the court and of the parties. 'Cases consolidated under Rule 42(a), however, retain their separate identity,' and 'it

is the district court's responsibility to ensure that parties are not prejudiced by consolidation.' *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412–13 (6th Cir. 1998). "[W]hen the scope of consolidation is broad and the issues and parties are virtually identical, more leniency is permitted in treating the cases as one." *See Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992). *Tri-Med Fin. Co. v. Nat'l Century Fin. Enterprises, Inc.*, 208 F.3d 215, 8 (6th Cir. 2000).

"Cases should be consolidated if the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources . . .'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g,* 712 F.2d 899 (4th Cir. 1983), cert. denied, *Arnold v. E. Air Lines Inc.*, 464 U.S. 1040 (1984)). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993) (citations omitted). The trial court's discretion in deciding whether to consolidate actions will be upheld unless it constitutes a "clear abuse of discretion." *Hendrix*, 776 F.2d at 1495; *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). *Carpenter v. GAF Corp.*, 16 F.3d 1218, 1 (6th Cir. 1994).

Under Federal Rule of Civil Procedure 42(b), the Court may order separate trials for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). In determining whether separate trials are appropriate, the Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Courts bifurcate "'where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate

4

the need to try another issue.'" *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.C. Cir. 2010) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)). "The language of Rule 42(b) places the decision to bifurcate within the discretion" of this Court. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citing *Davis v. Freels*, 583 F.2d 337, 339 (7th Cir. 1978)).

## DISCUSSION

### I. Consolidation of Pre-Trial Proceedings

Metro Government moves for consolidation of these two cases for pretrial proceedings and trial. [DE 9-1 at 82]. Metro Government argues that consolidation is appropriate because the actions involve common questions of law and fact and the Court has broad discretion in ordering consolidation. [DE 9-1 at 84-86]. The *Harpring* Plaintiffs argue that consolidation is inappropriate for trial because there are differences in the nature and posture of the two cases.[2] [DE 10 at 92].

The factual situation in both cases are identical: all Plaintiffs seek to counsel individuals seeking services at the EMW facility where a buffer zone has been created per the Ordinance. [DE 1 at 2, 15; Sisters DE 28 at 1475, 1486]. The *Harpring* Plaintiffs agree that "both cases arise from the same factual situation." [DE 12 at 105].

Similarly, there is a common question of law: both cases allege that the Ordinance is unconstitutional. The parties allege that the Ordinance violates the First Amendment, is unconstitutionally vague, overbroad, and restricts Plaintiffs' speech. Both cases also seek similar relief: a finding that the Ordinance is unconstitutional, and injunctive relief preventing Defendants from enforcing the Ordinance.

---

[2] The *Harpring* Plaintiffs appear to agree that the cases should be consolidated for pretrial purposes, so long as consolidation would not interfere with the Court's consideration of their pending Preliminary Injunction motion. [DE 10 at 91, 95]. However, they do not brief on bifurcation for trial, rather focusing on whether there is a common question of law.

The *Harpring* Plaintiffs argue that the question of law is not identical because the two sets of Plaintiffs are arguing different causes of action and have different understandings of their cases, which would lead to confusion. [DE 10 at 92]. However, while the *Sisters* Plaintiffs' original Complaint included an interpretation of the buffer zones that was somewhat different from the *Harpring* Plaintiffs [*Sisters* DE 1], the *Sisters* Plaintiffs have since filed a Second Amended Complaint consistent with the *Harpring* Plaintiffs' interpretation of the Ordinance. [*See* DE 1 *and Sisters* DE 28].

The *Harpring* Plaintiffs also argue that the *Sisters* Plaintiffs do not bring a facial, ambiguity, vagueness, or due process challenge to the Ordinance. [DE 10 at 92-93]. Yet, all challenges that the *Harpring* Plaintiffs raise – ambiguity, vagueness, due process, and facial challenges – are at their core constitutional interpretational challenges, and therefore involve a common question of law to the claims set forth in the *Sisters* Case. *See Martens v. City of Findlay*, No. 3:17-CV-1058, 2019 WL 119302, at *2 (N.D. Ohio Jan. 7, 2019) (consolidating zoning ordinances cases that contained constitutional claims of vagueness and due process) *and Pierce v. San Diego Unified Port Dist.*, No. 03CV 172 IEG(AJB), 2006 WL 8440784, at *3 (S.D. Cal. Mar. 13, 2006) (consolidating cases challenging the validity of an ordinance and alleging various due process violations under the ordinance).

The *Sisters* Plaintiffs argue that the cases should not be consolidated because they "are in totally different phases of the cases." [*Sisters* DE 33 at 1531]. Yet the *Sisters* Case is still in the discovery phase, and the *Harpring* Case has been referred to a Magistrate Judge for a scheduling order. [DE 16]. Additionally, because of the significant factual and legal overlap between the two cases, the consolidation should significantly abbreviate the discovery period needed in the *Harpring* Case. Furthermore, even though actions are at different stages of discovery,

6

consolidation is not precluded. *See, e.g.*, *Forest Lab'ys, Inc. v. Caraco Pharm. Lab'ys, Ltd.*, No. 06-CV-13143, 2009 WL 10680845, at *1 (E.D. Mich. Feb. 13, 2009). For these reasons, the Court will consolidate the pretrial proceedings of the *Harpring* case into the *Sisters* case.

## II. Consolidation of Trial

Consolidation of trial is also appropriate because there are common questions of law and fact, as discussed above. There is not a great risk of prejudice, confusion of issues or prejudice because the factual and legal issues are similar. To the extent that there is any prejudice, the prejudice is outweighed by the risk of inconsistent adjudication if the cases were tried separately. *See Cantrell*, 999 F.2d at 1011; *Cooley v. Ford Motor Co.*, No. CV 09-165-GFVT, 2009 WL 10689450, at *2 (E.D. Ky. Nov. 2, 2009). The *Harpring* Plaintiffs argue that, since the *Sisters* Plaintiffs "will be tried by a jury," consolidation is impossible for trial. [DE 10 at 93]. The *Sisters* Plaintiffs have since moved for a bench trial [DE 30], to which Defendants have agreed. [DE 32 at 1514]. Therefore, as the cases involve common questions of fact and law that warrant consolidation to conserve judicial resources, avoid unnecessary cost and delay, and prevent inconsistent findings of fact or law that might result if the cases were tried separately, they will be consolidated and tried together. Consolidation for trial purposes is without prejudice to any party's right at a later date to seek separate trials with respect to some or all of the claims, if appropriate.

## CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Metro Government's Motion for Consolidation [DE 9] is **GRANTED**.  A separate order regarding consolidation will be entered.

Rebecca Grady Jennings, District Judge
United States District Court

January 6, 2022

Cc:   Counsel of record

Counsel of record in 3:21-cv-367-RGJ